UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT PIERCE DIVISION

CASE NO.:

MATTHEW RECTOR and
DANIELLE RECTOR

    Plaintiffs,

v.

DOOR KEY PROPERTIES, LLC,
and RICH KYC

    Defendants.
_____/

## COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Plaintiffs, Matthew Rector and Danielle Rector, by and through the undersigned counsel, sue Defendants, Door Key Properties, LLC, and Rich Kyc, and in support allege as follows:

1. The Court has original jurisdiction pursuant to 42 U.S.C. §1331, 42 U.S.C. § 3613, because this lawsuit is brought under the Fair Housing Act, 42 U.S.C. § 3601 *et seq*, and supplemental jurisdiction under 28 U.S.C. § 1291.

2. Venue is proper under 28 U.S.C. § 1391(b) as this is the district in which the events giving rise to Plaintiffs' claims occurred; where the subject property is located, and Defendants reside and/or do business.

3. Under the FHA, it is unlawful to discriminate against a buyer, renter and/or "any person associated" therewith for reasons of disability, 42 U.S.C. § 3604(f)(1).

4. Discrimination includes: "a refusal to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford such person equal opportunity to use and enjoy a dwelling[.]"42 U.S.C. § 3604(f)(3)(B).

5. "Any person or entity engaging in prohibited conduct – i.e., refusing to make reasonable accommodations in rules, policies, practices, or services, when such accommodations may be necessary to afford a person with a disability an equal opportunity to use and enjoy a dwelling – may be liable" unless they fall within the very narrow exceptions to the FHA's coverage. Neither condominium associations, nor property management companies are exempted from the FHA's requirements.

## PARTIES

6. Plaintiffs, Matthew Rector and Danielle Rector, are residents of St Lucie County, Florida, and are otherwise *sui juris*.

7. Plaintiff, Matthew Rector, (hereinafter "MR. RECTOR") is a qualified person with a disability under the Fair Housing Act, and 42 U.S.C. § 3602(h).

8. MR. RECTOR is an individual with a disability under 42 U.S.C. §3602(h), as he has persistent asthma, which substantially affect one or more major life activities, including, but not limited to breathing, eating, and working. Therefore, MR. RECTOR is a member of a protected class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination because of his disability.

9. In 2008, the ADA was changed to include more people in the definition of "disabled." Conditions that only show symptoms at certain times are now included. Asthma and allergies fit this definition. The ADA protects people with asthma and allergies even if reactions or attacks happen only when triggered.

10. Plaintiff, Danielle Rector (hereinafter "MRS. RECTOR"), is an individual associated with a person with a disability, her husband MR. RECTOR, and according, a member covered under 42 U.S.C. § 3604 (f).

11. Defendant, Door Key Properties, LLC, (hereinafter "Owner," or "DOOR KEY"), is a Connecticut Limited Liability Company, which upon information and belief owns a multifamily building identified Parcel ID: 2401-501-0106-000-8, with post address at 307 South Ocean Dr., Fort Pierce, Florida 34949, and the "Subject Property" of this action.

12. Defendant, Rich Kyc, (hereinafter "Manager" or "KYC"), is the manager of DOOR KEY, and operator of the Subject Property. KYC is an agent of DOOR KEY, and all actions of KYC are attributable to DOOR KEY.

13. The rental unit at issue is a "dwelling" within the meaning of 42 U.S.C. § 3602(b), and "dwelling units" within the meaning of 24 C.F.R. § 100.21.

## GENERAL ALLEGATIONS

14. MR. RECTOR is a disabled individual under 42 U.S.C. §3602(h)., Therefore, a member of a protected class of persons whom the Fair Housing Act ("the Act") protects from unlawful discrimination because of his disability.

15. MRS. RECTOR is associated with a person with a disability and accordingly, covered persons under 42 U.S.C. § 3604 (f).

16. DOOR KEY is the owner of the multifamily apartment complex located at 307 South Ocean Dr., Fort Pierce, Florida 34949, the Subject Property to this action.

17. KYC was at all times relevant to the events described here Manager and agent for DOOR KEY, acting within the scope of his position in managing the operations for the subject property.

18. Plaintiffs are former tenants of the subject property, located at 307 South Ocean Dr., Fort Pierce, Florida 34949, until they were forced to move out.

19. On or about May 22, 2022, Plaintiffs entered into a one-year lease agreement with DOOR KEY, for Unit C, on the second floor of the subject property, for the term beginning May 28, 2022, ending May 28, 2023, ("Lease").

20. Sometime around December 2022, Unit B, on the first floor of the subject property, became vacant and Plaintiffs moved into Unit B, but as the terms were the same the lease was not updated to reflect the change of Unit.

21. Sometime around the end of April 2023, MRS. RECTOR called KYC about their lease and asked about plans for renewal at the time expired on May 28, 2023. At this time KYC offered MRS. RECTOR if they wanted to stay in the property DOOR KEY would renew their lease for Unit B when it expired on May 28, 2023.

22. On or around May 2, 2023, MR. RECTOR found out about a plumbing issue from about 2 months prior, where the bathroom ceiling gave way in Unit A, and advised KYC that all units should be inspected for mold, as he has asthma, and his symptoms had worsened lately.

23. KYC was aware of the plumbing issue from about 2 months prior, and the possibility of the rest of the building may have suffered significant damage as well, but never told Plaintiffs nor inspected their unit.

24. On or around May 5, 2023, MR. RECTOR performed an in-home mold test and the results showed that his unit had aspergillus mold.

25. At that time MR. RECTOR called KYC and informed them about the test results, and requested them to remediate the mold, as he has asthma, and the mold was not good for anyone health, and specially to his condition.

26. On or about May 11, 2023, due to his asthma condition and concern for his health, MR. RECTOR sent a certified letter to KYC, requesting accommodation and that they start the remediation process within seven days.

27. On May 12, 2023, Home & Mold Inspections Plus completed a mold analysis text of Plaintiffs' residence, Unit B.

28. On May 17, 2023, MR. RECTOR emailed KYC requesting a copy of the results of the mold test performed on May 12, 2023, by Home & Mold Inspections Plus, because the company advised him the results had been sent to the landlord and he would have to ask his landlord directly.

29. On May 18, 2023, MR. RECTOR emailed KYC about the mold test results, advising again that he has asthma and aspergillus mold in any shape or form is not good whether it's elevated or not.

30. Defendants, KYC and DOOR KEY, found out about MR. RECTOR's asthma condition, and the need for his request to remediate the mold found in the dwelling.

31. On or about May 19, 2023, KYC emailed MR. RECTOR stating ..." that is too bad that you have asthma",



32. On the same day, KYC emailed MR. RECTOR that his lease would not be renewed when it expired on May 28, 2023, given the current situation of his apartment and the fact that he has asthma.



33. Defendants, KYC and DOOR KEY denied MR. RECTOR's request for reasonable accommodation, which was necessary to afford MR. RECTOR's family the equal use and enjoyment of their home and enjoyment of common and public areas of housing.

34. Defendants, with knowledge of Plaintiffs' protected class status, willfully discriminated against Plaintiffs under the same terms and conditions that applied to all persons who were qualified or eligible renters.

35. Further, Defendants with knowledge of Plaintiffs' protected class status, willfully discriminated and retaliated against Plaintiffs by denying their lease renewal.

36. Because of Defendants' discrimination, Plaintiffs were forced to search for a new place to rent, with the pressure of the current rent market situation, and incurring more expenses.

37. Plaintiffs ultimately found a rental property and on May 29, 2023, moved out of the DOOR KEY property.

38. Plaintiffs were distraught over the situation, which caused an unnecessary burden and incurred more expenses.

39. Defendants, with knowledge of Plaintiffs' protected class status, willfully discriminated against Plaintiffs under the same terms and conditions that applied to all persons who were qualified or eligible renters.

40. As a result of Defendants' actions described above, Plaintiffs have suffered and will continue to suffer irreparable loss and injury including, but not limited to loss of a housing opportunity, humiliation, embarrassment, emotional distress, and deprivation of their right to equal housing opportunities.

41. Defendants knew they were violating the Fair Housing Act and acted with deliberate disregard to Plaintiff's rights under federal and state law. As a result of Defendants' discrimination on the basis of disability, Plaintiffs have also suffered non-economic injuries, such as mental anguish, grievous emotional distress, embarrassment, frustration, anxiety, humiliation, loss of capacity for the enjoyment of life, loss of personhood and civil rights, and other personal injuries resulting from Defendants' discriminatory actions.

42. And, Defendants acts, conduct and/or omissions regarding Plaintiffs were intentional, malicious, and in wanton or reckless disregard of Plaintiffs' rights and feelings, entitling Plaintiffs to another award of punitive damages and/or exemplary damages. These losses are either permanent or continuing and Plaintiffs will suffer these losses in the future.

43. Defendants' actions were in deliberate disregard of Plaintiffs' federal, and state protected rights. A handicapped plaintiff proceeding under the Fair Housing Amendments Act can rely on "disparate treatment," "disparate impact" or "reasonable accommodation theory." *Douglas v. Kriegsfeld Corp.*, 884 A.2d 1109, 1128-29 (D.C. 2005); *Schwarz v. City of Treasure Island,* 544 F.3d 1201, 1218-19 (11th Cir. 2008). Here, plaintiff relies on a failure to reasonably accommodate theory to support his claims against Defendants in this matter.

44. Any other conditions precedent to the filing of this action have been satisfied or have been waived.

45. Plaintiffs have retained J. Courtney Cunningham, PLLC, to represent them here and agreed to pay a reasonable fee for their services.

## COUNT I - FAILURE TO MAKE REASONABLE ACCOMMODATION IN VIOLATION OF 42 U.S.C. § 3604 (f)(3) as to all Defendants

46. Plaintiffs repeat and reallege the allegations in paragraphs 1- 45 above as though fully set forth herein.

47. Plaintiffs are members of a protected class and aggrieved persons under 42 U.S.C. 3602(i).

48. MR. RECTOR requested reasonable accommodation by Defendants in regard to the rules, policies, practices or services, because such accommodation was necessary to afford Plaintiffs' family the equal use and enjoyment of their home and enjoyment of common and public areas of housing.

49. Defendants, directly or through their agents, violated federal fair housing laws as follows:

(1) Defendants discriminated in the rental of, or otherwise made unavailable or denied, a dwelling to renter because of handicap in violation of 42 U.S.C. § 3604(f)(1)(A).

(2) Defendants discriminated in the terms, conditions, or privileges of the rental of a dwelling, or in the provision of services or facilities in connection with such dwelling because of handicap in violation of 42 U.S.C. §§ 3604(f)(2) and 3604(f)(3)(B).

(3) Defendants discriminated by refusing to make reasonable accommodations in regard to rules, policies, practices, or services, when such accommodations may have been necessary to afford a person with a handicap equal opportunity to use and enjoy a dwelling in violation of 42 U.S.C. § 3604(f)(3)(B).

50. The above conduct of the Defendants in discriminating in the rental, or to make unavailable or deny, a dwelling to any buyer or renter because of their disability and need for accommodation, is discriminatory and unlawful.

51. Defendants' actions were in total and reckless disregard of Plaintiffs' rights and indifferent to MR. RECTOR's medical condition or needs.

52. Because of this unlawful discrimination, Plaintiffs have suffered injury, loss of housing opportunity, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation. These losses are either permanent or continuing and Plaintiffs will suffer these losses in the future.

## COUNT II – RETALIATION IN VIOLATION OF THE 42 U.S.C. § 3617 as to all Defendants.

53. Plaintiffs repeat and reallege the allegations in paragraphs 1- 45 above as though fully set forth herein.

54. Plaintiffs are members of a protected class and aggrieved persons under 42 U.S.C. 3602(i).

55. The Fair Housing Act, 42 U.S.C. § 3617, *et seq*., makes it unlawful to coerce, intimidate, threaten, or interfere with any person in the exercise of, or on account of her or his having exercised, or on account of her or his having aided or encouraged any other person in the exercise of any fair housing right.

56. Defendants denied Plaintiffs the opportunity to renew their lease, in retaliation for MR. RECTOR requesting reasonable accommodation, and exercising his rights under the Fair Housing Act.

57. Defendants' intentional acts, directly or through their agents, constitute discrimination proscribed by federal fair housing law.

58. Defendants' actions, directly or through their agents, were intentional, wanton, willful and taken in disregard for the rights of others.

59. Defendants were personally involved in, authorized and ratified every discriminatory act in retaliation here.

60. The retaliation provisions of the Fair Housing Acts have been broadly applied to reach *all practices* which end up interfering with the exercise of rights under the federal fair housing laws."

61. Further, as a direct and proximate result of Defendants actions Plaintiffs have suffered irreparable loss and injury including, but not limited to, loss of housing opportunities, actual damages, humiliation, emotional distress, and deprivation of their right to equal housing opportunities.

**COUNT III – DENIAL OF HOUSING VIOLATION OF THE FAIR HOUSING ACT
42 U.S.C. § 3604(f)(1) and Florida Statute § 760.23(1) as to all Defendants**

62. Plaintiffs repeat and reallege the allegations in paragraphs 1- 45 above as though fully set forth herein.

63. Plaintiffs are members of a protected class and aggrieved persons under 42 U.S.C. 3602(i).

64. Plaintiffs are former tenants of Unit C located at 307 South Ocean Dr., Fort Pierce, Florida 34949, which is owned by DOOR KEY and managed by KYC.

65. Defendants knew Plaintiffs were members of a protected class.

66. Defendants acted to terminate Plaintiffs' tenancy by refusing to renew

Plaintiffs' lease based on MR. RECTOR request for accommodation.

67.　On information and belief, Defendants allowed other persons who did not request an accommodation to continue their tenancy, but not Plaintiffs. Defendants' conduct in denying Plaintiffs' right to renew their lease because of his disability is discriminatory and unlawful.

68.　Defendants' actions were committed with deliberate indifference to and in reckless disregard of Plaintiffs' rights under federal law. Because of this unlawful discrimination, Plaintiffs have suffered injury, damages, mental anguish, grievous emotional distress, embarrassment, shame, worry, frustration, and humiliation.  These losses are either permanent or continuing and Plaintiff will suffer these losses in the future.

WHEREFORE, Plaintiffs, Matthew Rector and Danielle Rector, demand judgment against Defendants, Door Key Properties, LLC, and Rich Kyc, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants' discriminatory actions, and preventing discrimination in the future as follows:

- a.　That the Court declare that the actions of the Defendants violated the Fair Housing Amendments Act and the Florida Fair Housing Act by discriminating against persons with disabilities
- b.　That the Court enjoin Defendants from discriminating against Plaintiff and enjoin Defendants from denying other disabled persons the equal housing opportunity.
- c.　That the Court order Defendants to provide notice to all owners and tenants of the properties they own and operate of their rights under the Fair Housing Act, including their right to have accommodations because of a disability;

d. That the Court order that Defendants instruct all of its employees, agents, independent contractors and/or other persons who deal with the rental or management of any and all housing currently managed and/or controlled by Defendants of the terms of the Court's Order and the Fair Housing Act, Fair Housing Amendments Act and implementing regulations;

e. Enter declaratory judgment that the actions of Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, are discriminatory against persons with disabilities and illegal under the FHAA.

f. Preliminarily and permanently enjoin Defendants, and its agents, employees and successors, and all other persons in active concert or participation with Defendants, from further discrimination against people with disabilities in residential real estate transactions.

g. Grant affirmative relief as may be necessary to remedy Defendants' past discriminatory practices and decisions, and that of any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, and to insure Defendants, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, do not discriminate on basis of disability in the future including, but not limited to, fair housing training, monitoring and reporting;

h. Award actual and compensatory damages to compensate Plaintiffs for economic losses and damages, and non-economic injuries, such as emotional distress, loss of civil rights, and humiliation and embarrassment caused by the Defendants' discrimination and that of any other owners, agents or representatives, if any,

acting in concert and agreement with Defendants, in an amount to be proven at trial;

i.  Grant Plaintiffs an award of punitive damages and/or exemplary damages as a result of Defendants deliberate, intentional, overt, willful and flagrant discrimination, and any other owners, agents or representatives, if any, acting in concert and agreement with Defendants, in an amount that reflects the dual purposes of punishment and deterrence;

j.  Grant Plaintiffs an award of attorney fees, costs, and prejudgment and post-judgment interest incurred in bringing this action; and

k.  Grant such other and additional relief that the Court deems just and equitable under the circumstances.

**THE PLAINTIFFS DEMAND A JURY TRIAL FOR ALL SUCH ISSUES SO TRIABLE IN THIS MATTER.**

Respectfully Submitted this May 9, 2024.

By: */s/ Juan Courtney Cunningham*
Juan Courtney Cunningham, Esq.
FBN: 628166
J. COURTNEY CUNNINGHAM, PLLC
8950 SW 74th Court, Suite 2201
Miami, Florida 33156
T:  305-351-2014
cc@cunninghampllc.com
legal@cunninghampllc.com

*Counsel for Plaintiffs*